

# MEMORANDUM

| | |
|---|---|
| To: | Honorable Kenneth P. Neiman |
| | U.S. Magistrate Judge |
| From: | Irma Garcia-Zingarelli |
| | U.S. Pretrial Services Officer |
| Re: | **Gleason, Thomas Jr.** |
| | **3:09cr30001-03** |
| Date: | July 6, 2009 |

On January 16, 2009, the defendant appeared before Your Honor after being named in a criminal complaint charging Conspiracy Against Civil Rights in violation of Title 18 U.S.C., Section 241. The defendant was ordered detained and a detention hearing was scheduled for January 21, 2009.

On January 21, 2009, the defendant appeared before the Court for a detention hearing. Your Honor ordered the defendant released on the following conditions:

1) Execute a $75,000 bond secured by property at 34 Brookside Circle, Springfield, MA.
2) Defendant execute a $75,000 unsecured bond.
3) Third-party custody to Grandmother: Marilyn Gleason.
4) Report to Pretrial Services as directed.
5) Maintain residence at 4 Wilton Dr. Wilbraham, MA.
6) Obtain no passport.
7) No travel near Macedonia Church of God in Christ.
8) Avoid contact with co-defendant/victims.
9) Refrain from drug use.
10) Submit to random drug testing.
11) Home detention with Electronic Monitoring.
12) No contact with any individual unless approved by Pretrial Services.
13) Statutory conditions.

The government moved to appeal Your Honor's order setting conditions of release and the defendant's release was stayed pending appeal.

On January 23, 2009 the defendant appeared with counsel before the Honorable Michael A. Ponsor, U.S. District Judge and was ordered released on the same conditions previously set by Your Honor and the following additional conditions:

1) Remove all firearms/weapons from home.
2) Remove computers from home.

On March 10, 2009 Basil Cronin, Supervisory U.S. Pretrial Services Officer, traveled to defendant's residence. Defendant was instructed that he could be outside on the deck and/or screened room for smoking and/or eating. Defendant also advised that he could work in the garage or in the basement area but that he would have to seek modification to be able to access entire property for outdoor work. Defendant was reminded to stay out of the front area and to comply with other conditions.

On April 1, 2009, Your Honor entered an electronic order pursuant to the defendant and his co-defendants as follows, "in light of the Defendants' ongoing compliance with their conditions of release (see, e.g., Document Nos. 61 and 62), as well as the colloquy amongst counsel at the March 10, 2009 hearing, the Court hereby directs Pretrial Services to implement the electronic monitoring requirement so as to allow Defendants, as of April 8, 2009 to have access to their respective backyards to the extent Pretrial Services deems appropriate."

Please be advised that on July 5, 2009, an alert was received from BI, Inc. indicating the defendant was out of range from 13:53 until 14:37 and again from 14:38 until 15:03. The defendant stated that he was in the backyard doing work and at one point took his motor scooter for a "few laps around the yard," which included the backyard as well as the front yard. It should be noted that Mr. Gleason has been in his backyard in the past and has not triggered any alerts.

In light of the above violation, this officer respectfully requests that the defendant's conditions be modified to exclude any activity outdoors. Please advise if you concur.

Cc. Paul Smyth, AUSA
    Mark Albano, Esq