

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

June 21, 2010

Mark J. Albano, Esq.
Dalsey, Ferrara & Albano
One Monarch Place
1414 Main Street, Suite 1150
Springfield, MA 01144-1150

> Re:  United States v. Thomas Gleason
>      Criminal No. 09CR30001-MAP

Dear Attorney Albano:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Defendant ("Defendant"), in the above-referenced case. The Agreement is as follows:

1.  Change of Plea

At the earliest practicable date, but in no event later than June 22, 2010, Defendant shall plead guilty to all counts in which he is named in the above-referenced Second Superseding Indictment charging him with conspiring with others to deny the members, parishioners and Bishop of the Macedonia Church of God in Christ of their civil rights in violation of 18 U.S.C. § 241 (Count One); causing damage to religious property through the use of fire in violation of 18 U.S.C. § 247(c) and 18 U.S.C. § 2 (Count Two); and using fire to commit the crimes in Counts One and Two in violation of 18 U.S.C. § 844(h)(1) and 18 U.S.C. § 2 (Count Three). Defendant expressly and unequivocally admits that he committed the crimes charged in Counts One, Two and Three of the Second Superseding Indictment, that he did so knowingly, intentionally and willfully, and that he is in fact guilty of those offenses. Defendant also agrees to the accuracy of the attached statement of facts.

Through this agreement, Defendant acknowledges that on January 16, 2009, he knowingly and voluntarily waived the rights afforded to him by the 5th and 6th Amendments to the United States Constitution - specifically the rights to remain silent and to be represented by counsel - and that he made admissions to law enforcement officers concerning his role, as well as the respective

roles of others, in committing the above charged offenses. Defendant explicitly acknowledges he made these admissions to law enforcement officers in the absence of any threats and of any other form of physical and mental duress. Defendant further acknowledges that on January 16, 2009, he knowingly and voluntarily waived his right to prompt presentment for the underlying charged criminal conduct.

2.  Penalties

Defendant faces the following maximum penalties:

(a)  Count One - Conspiracy Against Civil Rights (18 U.S.C. § 241)

- Incarceration for a period of ten years
- Supervised release for a period of three years
- Fine of $250,000.00
- Special Assessment of $100.00
- Full Restitution

(b)  Count Two - Damage to Religious Property (18 U.S.C. § 247(c) and 18 U.S.C. § 2)

- Incarceration for a period of forty years
- Supervised release for a period of five years
- Fine of $250,000.00
- Special Assessment of $100.00
- Full Restitution

(c)  Count Three - Use of Fire to Commit a Felony (18 U.S.C. § 844(h)(1) and 18 U.S.C. § 2)

- Incarceration for a mandatory period of ten years consecutive to any other sentence imposed in this case
- Supervised release for a period of five years, if applicable
- Fine of $250,000.00, to be consolidated with fines in Counts One and Two
- Special Assessment of $100.00
- Full Restitution

3.  Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory mandatory and maximum penalties set forth above, and the provisions of the Sentencing Reform Act, and the United States Sentencing Guidelines promulgated thereunder. The Sentencing Guidelines are advisory, not mandatory and, as a result,

the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine. In imposing the sentence, the Court must consult and take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a).

The parties agree with respect to the application of the United States Sentencing Guidelines that:

(a) In accordance with USSG § 2H1.1 through reference to USSG § 2K1.4(a)(2), Defendant's base offense level for Counts One and Two is 20.

(b) In accordance with USSG § 3A1.1, Defendant's offense level for Counts One and Two is increased by three levels, because Defendant intentionally selected the Macedonia Church of God in Christ as the object of the offense because of the race of the Church's members, parishioners and Bishop.

In the event Defendant contends that there is a basis for departure from, or a sentence outside, the otherwise applicable Sentencing Guideline range based on his medical, mental and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and her experts (including medical personnel of the Bureau of Prisons) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in his possession. In addition, Defendant will authorize his care providers to discuss his condition with the U.S. Attorney and her agents (including medical personnel of the Bureau of Prisons), as well as experts retained by the U.S. Attorney. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including medical personnel of the Bureau of Prisons).

The U.S. Attorney reserves the right to oppose Defendant's argument(s) for a departure or a sentence outside the Guidelines under the factors set forth in 18 U.S.C. § 3553(a).

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by two levels Defendant's Adjusted Offense Level under USSG § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under USSG § 3E1.1 if, at any time between Defendant's execution of this Agreement and sentencing Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; or

(j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4. Sentence Recommendation

In the event the U.S. Attorney does not file a motion under USSG §5K1.1 and/or 18 U.S.C. § 3553(e), the parties reserve the right to recommend a particular sentence or sentencing range, or to make no recommendation at Defendant's sentencing.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

5.       Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.       Waiver of Rights to Appeal and to Bring Collateral Challenge.

(a)     Defendant has conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence on direct appeal. Defendant also understands that he may, in some circumstances, be able to argue that his conviction and/or sentence should be set aside or reduced in a collateral challenge, such as pursuant to a motion under 28 U.S.C. § 2255 or 18 U.S.C. § 3582(c).

(b)     Defendant waives any right he has to challenge his conviction on direct appeal or in collateral challenge.

(c)     Defendant agrees that, if the Court grants the U.S. Attorney's motion for a downward departure pursuant to either USSG § 5K1.1 or 18 U.S.C. § 3553(e) and does, in fact, depart downward on that basis, he will not file a direct appeal nor collaterally challenge any sentence imposed which is ten years or less.

(d)     This Agreement does not affect the rights of the United States as set forth in 18 U.S.C. § 3742(b). Defendant expressly acknowledges that he understands the U.S. Attorney has retained all appeal rights.

7.       Other Post-sentence Events

(a)     If notwithstanding the waiver provision of Paragraphs 6(b) and (c), Defendant appeals or collaterally challenges his sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court in addition to arguing that any appeal or collateral challenge is waived as a result of the waiver in Paragraph 6.

(b)     If notwithstanding the waiver provision of Paragraphs 6(b) and (c), Defendant seeks re-sentencing, he agrees that he will not seek to be re-sentenced with the benefit of any change to the criminal history category that the Court calculated at the time of Defendant's original sentencing, except to the extent that he has been found actually factually innocent of a

     prior crime. Thus, for example, Defendant will not seek to be re-sentenced based on the set aside of a prior state-court conviction that occurs after sentencing unless he has been found actually factually innocent of that prior crime.

  (c) In the event of a re-sentencing following an appeal from or collateral challenge to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from the Sentencing Guidelines and a sentence outside the Sentencing Guidelines if, and to the extent necessary, to reinstate the sentence advocated by the U.S. Attorney at Defendant's initial sentencing pursuant to this Agreement.

8. <u>Cooperation</u>

  (a) <u>Terms of Cooperation</u>

  Defendant agrees to cooperate fully with law enforcement agents and government attorneys. Defendant must provide complete and truthful information to all law enforcement personnel. If Defendant's testimony is requested, he must testify truthfully and completely before any grand jury, and at any hearing and trial. Defendant must answer all questions put to him by any law enforcement agents or government attorneys and must not withhold any information. Defendant must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity. Upon request, Defendant must furnish all documents, objects and other evidence in Defendant's possession, custody or control that are relevant to the government's inquiries.

  Defendant understands that he has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which he has been charged. To facilitate his cooperation, Defendant hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. This waiver may be revoked at any time by a specific request by Defendant or his counsel without otherwise affecting the terms or enforceability of this Agreement.

  To enable the Court to have the benefit of all relevant sentencing information, Defendant waives any rights he may have to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Defendant's cooperation is complete. Defendant understands that the date of Defendant's sentencing is within the sole discretion of the Court and that this Agreement may require Defendant's cooperation to continue even after Defendant has been sentenced. Defendant's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Defendant.

(b)     Substantial Assistance Motion

In the event that Defendant provides substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, at or before the time of sentencing, the U.S. Attorney will file a motion under USSG § 5K1.1 to allow the Court to impose a sentence below the applicable Guideline Sentencing Range. At the same time, if the U.S. Attorney determines it is appropriate, the U.S. Attorney will also file a motion under 18 U.S.C. § 3553(e) to enable the Court to impose a sentence below the statutory mandatory minimum.

The determination whether Defendant has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review. This determination will be made based on the truthfulness and value of Defendant's assistance, regardless of the outcome or result of any proceeding or trial. The U.S. Attorney expressly reserves the right to decline to file a motion pursuant to USSG § 5K1.1 if Defendant violates any condition of his pretrial release, violates any of the requirements of honesty and candor detailed in Paragraph 8(a) above, or engages in any criminal conduct after the date he signs this Agreement. The U.S. Attorney reserves the right, in her sole discretion, to file a motion under USSG § 5K1.1 but not under 18 U.S.C. § 3553(e). Defendant may not withdraw his plea if the U.S. Attorney determines that Defendant has not rendered substantial assistance, if the U.S. Attorney decides to file a motion under USSG § 5K1.1 but not under 18 U.S.C. § 3553(e), or if the Court refuses to grant the U.S. Attorney's motion for a downward departure.

(c)     Sentence Recommendation with Substantial Assistance

If Defendant provides substantial assistance, subject to all the provisions of Paragraphs 8(a) and 8(b) above, the U.S. Attorney will advise the Court of the full nature, extent and value of the assistance provided by Defendant.

> (i)     The U.S. Attorney reserves the right to recommend a particular sentence or sentencing range, or to make no recommendation at Defendant's sentencing.

(d)     Letter Immunity

In return for Defendant's full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by Defendant pursuant to this Agreement or pursuant to the proffer letter dated June 12, 2010, (or any information directly or indirectly derived therefrom) against Defendant in any criminal case except in a prosecution: (1) for perjury or obstruction of justice, or for making a false statement after the date of this Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence. The U.S. Attorney reserves the right to respond fully and completely to all requests for information by the Court and U.S. Probation Office in this case. All such disclosures, however, shall be made

subject to the provisions constraining the use of this information by the Court and U.S. Probation Office contained in USSG § 1B1.8(a) and the commentary thereto. Notwithstanding the provisions of USSG § 1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing information provided by Defendant pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Defendant or in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Defendant has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Defendant for any and all offenses that could be charged against Defendant in the District of Massachusetts, including, but not limited to, false statements and perjury.

9. Court Not Bound by Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the Court declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the Court declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any subsequent appeal or collateral challenge.

10. Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

11. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in Paragraph 1 of this Agreement.

12. <u>Rejection of Plea by Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

13. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, irrespective of whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this Agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by Defendant, and any information, materials, documents or objects which may be provided by Defendant to the government subsequent to this Agreement, or pursuant to the proffer agreement dated June 12, 2010, without any limitation. In this regard, Defendant hereby waives any defense to any charges which Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

14. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

15. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated June 12, 2010. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral, with the sole exception of those contained in the proffer letter dated June 12, 2010. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Paul Hart Smyth.

                                              Very truly yours,

                                              CARMEN M. ORTIZ
                                              United States Attorney

By: *[signature]* by PHS
                     JAMES F. LANG,
                     Chief, Criminal Division

                     JOHN T. McNEIL
                     Deputy Chief, Criminal Division

                     PAUL HART SMYTH
                     Chief, Springfield Office

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
Thomas Gleason
Defendant

Date: June 22, 2010

I certify that Thomas Gleason has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
Mark J. Albano, Esq.
Attorney for Defendant

Date: June 22, 2010